**STATE, Plaintiff-Appellee, v. CHAPMAN, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6266.  Decided December 31, 1959.

Earl W. Allison, Pros. Atty., Albert G. Giles, David E. Tingley, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

Kirkwood & Huggins, Columbus, for defendant-appellant.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

### OPINION

By DUFFY, J.

The defendant-appellant was found guilty by a jury of the charges of incest and rape, in the Common Pleas Court of Franklin County, Ohio. The prosecuting witness and the one with whom the alleged acts were committed, was a fifteen year old daughter. The defendant-appellant for his assignment of errors stated that the trial court erred in striking all the testimony of a witness; in refusing to permit the prosecuting witness to testify as to other sexual acts or intercourse she had had with

other men and boys, and in permitting the prosecuting witness' sister to testify as to alleged acts of intercourse by her father with her.

As to the first assignment of errors dealing with the testimony of the witness the court properly kept his testimony from the jury as such testimony had to do with unchaste acts of the prosecuting witness with persons other than the defendant. See **McCombs v. State, 8 Oh St 643,** and **McDermott v. State, 13 Oh St 332.**

The same law would apply as to the court's ruling on the second assignment of errors dealing with the refusal to permit the asking of the prosecuting witness concerning her conduct with other individuals than the defendant.

As to the third assignment of errors dealing with the sister's testimony that her father had had relations with her, the testimony was to the effect that in West Virginia approximately eight years prior to the time complained of in the indictment, the father had had relations with her on two occasions. These isolated acts which occurred eight years previous are too remote as to time to be admissible under the provisions of §2945.59 R. C., which is as follows:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

The State cites as authority for the admissibility of such testimony the case of **State v. Jackson, 82 Oh Ap 318,** where the court properly admitted the testimony of other daughters that the father had committed like offenses upon them because the testimony in that case showed a continuous course of conduct and was not remote as to time, as the court in the Jackson case, supra, states "The separate acts of incest by the defendant with his several daughters are 'so related to the offense for which the defendant is on trial that they have a logical connection therewith and may reasonably disclose a motive.'"

Here the isolated acts do not show a course of conduct and since they occurred in an entirely different setting and time such evidence should not be permitted under the theory of that section. See the case of **Barnett v. State, 104 Oh St 298,** where the court permitted the introduction of assaults upon other persons "at or near the time charged in the indictment." See also the cases of **Whiteman v. State, 119 Oh St 285,** and **State v. Cocco, 73 Oh Ap 182** (motion to certify overruled, **142 Oh St 276**).

The admission of the testimony of the other daughter, if erroneous, is certainly prejudicial and for that reason the judgment is reversed and the cause remanded for further proceedings according to law.

BRYANT, PJ, McLAUGHLIN, J, concur.