SAMUEL DAVIS OVERTON, Appellant, v.
STATE OF NEVADA, Respondent.

No. 4475

April 13, 1962 · 370 P.2d 677

*Robert Santa Cruz,* of Las Vegas, for Appellant.

*Roger D. Foley,* Attorney General; *John F. Mendoza,*
District Attorney; *Charles L. Garner,* Deputy District
Attorney, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

By criminal complaint, Overton, the appellant, was charged with the unlawful possession and control of heroin, a narcotic drug. At the conclusion of a preliminary hearing on December 14, 1960, he was held

to answer in the district court. On December 16, 1960, the assistant district attorney, with leave of court, filed an information against Overton pursuant to NRS 173.-140.

When first before the district court for arraignment upon the information thus filed, Overton objected to being arraigned, for the reason that the full transcript of the proceedings of the preliminary examination had not been delivered to the clerk of the district court within 10 days following the preliminary hearing, as required by NRS 173.160. The district court continued the arraignment and directed the filing of such transcript within 10 days thereafter. The transcript was filed before the arraignment occurred. At the time of arraignment Overton moved to set aside the information, asserting a lack of jurisdiction in the district court to proceed because of the failure to deliver the full transcript of the proceedings of the preliminary hearing within 10 days after the holding thereof. That motion was denied, whereupon Overton entered a plea of not guilty.

After trial, a jury found Overton guilty. He appeals, claiming that prejudicial errors occurred as follows: (a) At the preliminary hearing, during a recess, when the prosecuting attorney spoke to a witness in the presence of other witnesses, thereby violating NRS 171.440, relating to the exclusion of witnesses who had not been examined; (b) At the preliminary hearing, during a recess, when the prosecuting attorney removed from the courtroom Exhibit "A," a balloon in which the capsules of heroin were found, to discuss the exhibit with a witness; (c) In the district court, but before testimony was taken, when the assistant district attorney removed Exhibit "A" from the custody of the clerk, and discussed it with witnesses to be called; (d) When the district court denied the motion to set aside the information; (e) When the district court, over objection, admitted Exhibit "A" into evidence; and (f) When the district court denied motions for mistrial, made when evidence of a distinct and separate crime was offered by the State during presentation of its case in chief.

We turn to discuss such claims of error, and the relevant facts bearing upon each.

1. *Re prejudicial errors claimed to have occurred during the preliminary examination:* The claimed errors in this regard are those mentioned above as assignments of error (a) and (b). A preliminary examination is not a trial. The accused is neither convicted nor acquitted of the crime with which he is charged. The magistrate before whom the examination is held, determines only whether it appears that a public offense has been committed, and whether there is sufficient cause to believe the accused guilty thereof. NRS 171.450; 171.455. In the case at bar, the magistrate ordered that the accused, Overton, be held to answer in the district court. The conduct of the prosecuting attorney during recess, between sessions of the preliminary examination, and of which appellant Overton now complains, could not possibly have prejudiced him with respect to a substantial right in the trial subsequently held and, accordingly, no reversal on this ground is warranted. NRS 169.110; cf. State v. District Court, 42 Nev. 218, 174 P. 1023. In any event, by proceeding to trial upon the merits, without raising any objection to the proceedings before the magistrate (other than the objection urged by his motion to set aside the information to be later discussed), Overton waived any irregularities which might have occurred therein. Pinana v. State, 76 Nev. 274, 352 P.2d 824.

2. *Re removal by prosecuting attorney from the custody of the court clerk, of an item to be later received as an exhibit in evidence.* At the preliminary examination, a balloon in which the capsules of heroin were found, was received in evidence as Exhibit "A." All exhibits there received were subsequently delivered to the clerk of the district court, pending trial upon the merits. After the jury had been selected, but before the introduction of any evidence, the prosecuting attorney

obtained said balloon from the clerk of court and discussed same with witnesses to be later placed on the stand. With reference to this occurrence, appellant Overton contends that the prosecuting attorney should have obtained leave of court to remove the balloon, and that his failure to do so prejudiced Overton with regard to a substantial right. The nature of such claimed prejudice is not indicated. It is conceded that the balloon was not tampered with, altered, or changed in any respect. This being true, no possible prejudice could have resulted to Overton. NRS 169.110. We find this claim of error to be without merit.

3. *Re motion to set aside information:* As hereinbefore related, the full transcript of the proceedings of the preliminary examination was not filed with the clerk of the district court within 10 days following the preliminary examination.[1] However, such transcript was filed before the accused was arraigned in the district court. He urges that the failure to strictly comply with the provisions of NRS 173.160 prevented the district court from acquiring jurisdiction to proceed. He cites Dimmers v. Taylor, 289 Mich. 482, 286 N.W. 798, as supporting authority. In that case the stenographic notes of the preliminary examination were not in the file at the *time of trial.* The trial court granted a motion to quash the information, because the right to have such preliminary transcript available *for use at the trial* is a substantial right. Furthermore, the trial court discharged the defendant. On review the appellate court held that, under the circumstances there present, the lower court correctly granted the motion to quash the indictment, but that reversible error occurred when it discharged the defendant. It particularly pointed out that the lower court *had not lost jurisdiction* of the prisoner by reason of the defective information which

---

[1]NRS 173.160 provides: "Whenever any preliminary examination has been had and the defendant held to appear before a court having jurisdiction of the offense, the magistrate or other officer holding the examination shall deliver to the clerk of the court within 10 days after the holding of the examination the complaint, bonds, affidavits, warrants, and a full transcript of the proceedings of the examination."

had been quashed. Accord: In re Elliott, 315 Mich. 662, 24 N.W.2d 528.

In the case before us, the information was filed two days following conclusion of the preliminary examination as permitted by NRS 173.140. However, the lower court, at the request of the appellant, did not proceed with the arraignment until the full transcript of such preliminary examination was in the file and available to the accused. It is evident that there was no prejudice under such circumstances.

The period of 10 days specified in NRS 173.160 is directory merely. The filing of such transcript with the clerk of the district court within a reasonable time, is sufficient. People v. Mullally, 16 Cal.App. 44, 116 P. 88; cf. State v. Polan, 78 Ariz. 253, 278 P.2d 432. Therefore, we find no merit to this claim of error.

4. *Re the admission of Exhibit "A" in evidence:* The balloon in which the capsules of heroin were found, was received in evidence as Exhibit "A." In objecting to its admission, counsel for Overton urged upon the court that there was not sufficient evidence to establish that Overton was, or had been in possession of the balloon, or that it was his and, further, that the capsules of heroin therein had not been separately identified by the officer who took possession of them, or by the chemist who later tested the substance contained therein. In our view, the trial court correctly received the proposed exhibit as evidence. A detective testified that Overton admitted to him that the balloon was his. Additionally, the arresting officer in describing the arrest of Overton, said: "I called for Mr. Overton to stop and he was walking away from me, he had his back to me. He stopped, turned around and he had his right hand in his right pocket and as I got nearer to him he pulled his hand out of his pocket and I could hear some metal falling, he gave it a quick jerk. * * * After I had shaken Mr. Overton down I looked around to see what had fallen and I found some keys and some

change and an orange colored balloon and I picked up this balloon and I felt some round objects in it." The balloon was picked up within three feet of Overton, and there was no one else in the immediate area. Cf. Terrano v. State, 59 Nev. 247, 91 P.2d 67. Such evidence, if accepted by the jury, and it apparently was, abundantly establishes Overton's possession and control of the balloon and contents.

The capsules of heroin were also sufficiently identified. The arresting officer marked the balloon in which the capsules were contained with his initials and a number, placed all items in a manila envelope, sealed and marked it, and delivered the envelope to the desk sergeant who placed it in a vault. Thereafter, the sergeant of identification removed the manila envelope from the vault and delivered same to a chemist who opened it and tested the substance contained within the capsules, determining that substance to be heroin. Following such testing, the chemist returned all items to the envelope, sealed it, and retained it in his possession until it was produced as evidence during the preliminary examination. Under such circumstances, Overton's objection to the introduction of Exhibit "A," the balloon, upon the ground that the capsules therein were not separately identified, is obviously without merit.

5. *Re evidence of another crime:* On two separate occasions during the presentation of the State's case in chief, the defendant moved for a mistrial. The motion was first made when a detective testified that Overton stated that he had known the person with whom he was seen immediately before his arrest, and had sold heroin to him. The motion for mistrial was denied. However, the court did strike such testimony and admonished the jury to disregard it. On the second occasion, a different detective testified that he overheard Overton say, "* * * that he (Overton) went to Mississippi Slim's house, the address I don't know, and at that time Mississippi Slim, Willie Henderson, and a man, I believe his last name was James, were present in the house when the defendant (Overton) went over there. He said

that they had just finished capping some heroin and at that time he (Overton) took a portion of what they had capped up and took it out and sold it and that he brought it \* \* \* He said he went back to the house and obtained, I believe, 40 more caps and took them down and disposed of them all except 14; that he then went to the rear of the Nevada Club to meet a man who he had a prearranged meeting with and he said that while this man that he met there was examining one of the caps he saw Jergovic [a detective] and Whitney [a detective] approaching them and at that time the man that was examining the cap swallowed the cap and he started to run and he threw the balloon down on the ground that had the other caps in it and that he—or Jergovic or Whitney picked it up."

The trial court again, pursuant to motion, struck that portion of the quoted testimony relating to the sale of heroin, and admonished the jury to disregard it. Overton's motion for mistrial was denied.

Overton was prosecuted for the violation of NRS 453.030 which provides that "it shall be unlawful for any person to \* \* \* possess, have under his control, sell \* \* \* any narcotic drug \* \* \*." Knowledge by the accused of the narcotic character of the article possessed is an essential element of the crime. Wallace v. State, 77 Nev. 123, 359 P.2d 749. A plea of not guilty puts in issue every material allegation of the information. NRS 174.350. Accordingly, evidence of a prior sale or sales of heroin by Overton was probative to establish his guilty knowledge that the substance in the capsules was narcotic in nature.

In Wallace v. State, supra, a narcotics case, we held admissible evidence of a separate offense, offered in rebuttal, to contradict the testimony of the defendant that he had never seen marijuana. In the case at bar, the evidence was offered during presentation of the State's case in chief. Overton contends that this distinction is material. We do not agree. We perceive no difference in principle between offering such evidence during the State's case in chief to show the defendant's

knowledge of the narcotic nature of the substance, which knowledge was put in issue by his not guilty plea, and offering such evidence in rebuttal to refute the defendant's testimony that he did not possess such knowledge. State v. Elges, 69 Nev. 330, 251 P.2d 590. It is our view, therefore, that the offered, but stricken, evidence, was, in each instance, admissible. Therefore, Overton may not properly complain of the court's ruling in granting his motions to strike, nor of its ruling in denying his motions for mistrial.

Overton next contends that, in any event, such testimony should not have been received because the trial court did not, before receiving such evidence, take the "intermediate step" suggested by this court in Nester v. State, 75 Nev. 41, 334 P.2d 524. In that case we said, "Since it is the prejudicial nature of the evidence which is the principal concern, the question of admissibility does not turn entirely on its relevance or competence. The matter of a fair trial must also be considered.

"In order to establish admissibility, then, it is not enough to establish that the evidence of a separate offense is relevant and competent under one of the exceptions to the general rule excluding such evidence. Even where relevancy under an exception to the general rule may be found, fair trial demands that the evidence not be admitted in cases where, by virtue of its prejudicial nature, it is more likely to distract from the essential issue than to bear upon it.

"Whether, under the circumstances, admission of the evidence interferes with fair trial, can hardly be determined by fixed rule of law. It would seem to require, instead, the exercise of judicial discretion of the trial judge.

"* * * In all such cases as this, then, an intermediate step must be taken between the determination of relevancy by the court and the weighing of the evidence by the jury. In determining admissibility the additional responsibility rests upon the trial judge (after having determined that the evidence of a separate offense is competent and relevant) to balance the prejudicial and distracting impact of the evidence against its probative

weight and persuasiveness. If by the balance struck, prejudice outweighs probative value, the evidence should be excluded regardless of its relevancy to the issue of identity."

The suggested procedure in Nester is the preferred method, if circumstances permit. Wyatt v. State, 77 Nev. 490, 367 P.2d 104. However, in the instant case, the so-called "intermediate step" could not be taken by the court because evidence of the sale of heroin was in the case without prior notice or warning of any kind. The court, then, did what it considered to be proper under the circumstances, and granted Overton's motion to strike. However, for the reasons heretofore given, we do not believe that the court below was obliged to do that. In any event, Overton did not sustain a prejudice when the court granted his respective motions to strike such testimony. Accordingly, this assignment of error is also without merit.

In addition to the claims of error already discussed, the appellant contends that the evidence was insufficient to support the verdict of the jury. He does not indicate in either his brief or argument on appeal in what respect the evidence presented would not support his conviction. We do not, therefore, believe it necessary to consider, in detail, this assignment of error. It is sufficient to state that the evidence heretofore related in this opinion, and which is but a part of the case presented, of itself is sufficient to support the jury verdict.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.