ROBERT LEE FINDLEY, APPELLANT, v.
STATE OF NEVADA, RESPONDENT.

No. 9092

April 24, 1978                                577 P.2d 867

---

[4]The Governor designated Hon. Merlyn H. Hoyt, Judge of the Seventh Judicial District, to sit in place of HON. NOEL E. MANOUKIAN, Justice, who voluntarily disqualified himself in this case. Nev. Const. art. 6 § 4.

*Horace R. Goff,* Nevada State Public Defender, and *J. Thomas Susich,* Chief Deputy Public Defender, Carson City, for Appellant.

*Robert C. Manley,* District Attorney, Elko County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

A jury convicted Robert Lee Findley of the crime of

lewdness with a child under the age of fourteen years. The victim, a five-year-old girl, testified that Findley had placed his hand upon her "private parts" on several occasions. Findley denied that this had occurred. During the State's case in chief, two adult women were permitted to testify, over objection, that Findley, some nine years earlier, had molested them in the same way. The admission of such testimony gives rise to this appeal and presents the controlling issue for our decision.

In a sex crime case we recently have approved a trial court ruling which allowed the complaining witness to testify to other similar acts with the defendant not remote in time to the offense for which he was on trial. McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978). The instant case concerns similar acts with persons other than the complaining witness which occurred nine years earlier. Cf. Allan v. State, 92 Nev. 318, 549 P.2d 1402 (1976).

The crime is described by NRS 201.230(1).[1] Intent, by reason of the words of the statute, is an element of the crime and directly placed in issue by the not guilty plea of the accused. Overton v. State, 78 Nev. 198, 205, 370 P.2d 677 (1962). The district judge received the challenged testimony to prove intent, or the absence of mistake or accident. NRS 48.045(2).[2] He so determined to receive it after balancing prejudice and probative value, a decision addressed to his discretion. Brown v. State, 81 Nev. 397, 400, 404 P.2d 428, 430 (1965); McMichael v. State, supra. The jury was specifically informed as to the limited purpose of such evidence.

Although the other acts of molestation were remote in point of time, and may for that reason impeach credibility to some degree, it does not destroy admissibility. Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976); Bishop v. State, 92 Nev. 510, 554 P.2d 266 (1976). The testimony of the two adult witnesses was not their first exposition of the molestations. They had complained to church authorities where Findley was then employed

---

[1]NRS 201.230(1): "Any person who shall willfully and lewdly commit any lewd or lascivious act, other than acts constituting the crime of rape and the infamous crime against nature, upon or with the body, or any part or member therof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be punished. . . ." This statute was amended in 1977, see Stats. Nev. 1977, 867, 1632, without substantial change in content.

[2]NRS 48.045(2): "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

as pastor. Their testimony at trial simply was a reiteration of statements made shortly after the occurrences and, to that extent, possess a trustworthiness which, perhaps, they would not possess if uttered for the first time nine years later.

Evidence showing that an accused possesses a specific emotional propensity for sexual aberration is relevant, and outweighs the prejudicial possibility that a jury might convict for general rather than specific criminality. McMichael v. State, supra; State v. McDaniel, 298 P.2d 798 (Ariz. 1956).

Affirmed.

MOWBRAY, J., concurs.

MANOUKIAN, J., concurring:

I adopt those facts set forth in the majority opinion and agree with its approval of the admission into evidence of the witnesses' statements given during the State's case in chief.

Although I concur, I recognize, in these or similar circumstances, the potential threat of a substantial destruction or erosion of a defendant's Fifth Amendment right, namely, an accused's right to remain silent. We were not requested to decide that issue today.

In Wallace v. State, 77 Nev. 123, 359 P.2d 749 (1961), a narcotics case, this Court held admissible evidence of a separate offense, offered in rebuttal, to contradict the testimony of the defendant that he had never seen marijuana. *Accord,* Allan v. State, 92 Nev. 318, 549 P.2d 1402 (1976). In the case before us, the evidence was offered during presentation of the State's case in chief. This distinction does not here impress me as being material. *Accord,* Overton v. State, 78 Nev. 198, 370 P.2d 677 (1962).

During trial, the appellant took the stand. He was without any prior convictions. My awareness of trial strategy informs me that had the appellant had a significant criminal record, he may have elected to exercise his Fifth Amendment right. This may have been the case, of course, unless he elected to waive that right in order to respond to the referenced case-in-chief testimony, which evidence, for the reasons expressed in the majority opinion, was held admissible. It seems apparent, too, that an accused, with or without a record of past criminal history, may as a trial tactic determine not to testify. An accused could well be compelled to be a witness in his own defense when it is his right not to do so. Ibsen v. State, 83 Nev. 42, 422 P.2d 543 (1967). Further, it is not a desirable order of proof that would permit a prosecutor, as was done here, to anticipate what an accused's defenses might be, absent the admission of a confession, admission against interest, or the like.

Appellant had, prior to trial, attempted to explain his perverted conduct as a mistake or accident on one occasion and as an unintentional accident on another occasion. Although such extra-judicial statements were uttered testimonially by witnesses other than the appellant, they were material and relevant pursuant to NRS 48.045(2), which provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

People v. Kelley, 424 P.2d 947 (Cal. 1967), would permit such testimony in these circumstances, "where the proof of defendant's intent is ambiguous, as when he admits the acts and denies the necessary intent because of mistake or accident." 424 P.2d at 956. *See also,* People v. Westek, 190 P.2d 9 (Cal. 1948); People v. Honaker, 22 Cal.Rptr. 829 (Cal.App. 1962). Appellant is within this pronouncement.

The appellant made the extra-judicial statements in the form of explanations, and in having done so, should have been aware that the same would be presented against him in court. This fact disposes of my Fifth Amendment concerns here.

The trial judge undertook the intermediate step of reviewing the proffered testimony out of the presence of the jury to balance its possible prejudicial effect against its probative value, *Overton, supra;* Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966); Nester v. State of Nevada, 75 Nev. 41, 334 P.2d 524 (1959), and then carefully admonished the jury as to the limited purpose for the introduction. The fact that the defendant took the stand in these circumstances with full knowledge of the foregoing, coupled with the substantial evidence supporting the guilty verdict, compels affirmance. Appellant's due process rights were duly afforded him by the trial court.

I acknowledge that there are often compelling reasons for limiting the elicitation of such evidence, *see,* McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978), but the fact that the objected-to testimony was simply a "reiteration of the statements made shortly after the occurrences," demonstrates that none of such reasons are present here.

The judgment of conviction should be affirmed.

GUNDERSON J., dissenting:

My brother Batjer and I believe admission of the two women's testimony was erroneous. We would remand for a proper trial.

In People v. Kelley, 424 P.2d 947, 956 (Cal. 1967), the California Supreme Court stated:

> It is not and should not be the law, . . . that defendant's not guilty plea places his intent in issue so that proof of sex offenses with others is *always* admissible. Such evidence is admissible in cases where the proof of defendant's intent is ambiguous, as when he admits the acts and denies the necessary intent because of mistake or accident (citations omitted). But where the acts, if committed, indisputably show an evil intent and the defendant does not specifically raise the issue of intent, the better reasoned cases hold that evidence of other crimes is admissible only when they were performed with the prosecuting witness (citation omitted), or where the offenses are not too remote and are similar to the offense charged and are committed with persons similar to the prosecuting witness.

*Kelley* is consistent with Nevada's evidence code, which specifically precludes the use of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person . . . to show that he acted in conformity therewith." NRS 48.045(2). The majority indicate that the testimony of the two witnesses, who had allegedly been molested some nine years before, was admissible "to show intent, or absence of mistake or accident." We suggest, however, that in truth the evidence was merely used to show appellant's bad character.

Here, appellant's not guilty plea raised no issue of either intent or mistake; he took the stand, and submitted himself to cross-examination, categorically denying the occurrence. Although the alleged prior misconduct bore some similarity to the charged offense, it ostensibly related to much older girls, nine years before the present incident. Under these circumstances, other than as impermissible evidence of bad character, we fail to see what relevance such remote acts have in demonstrating appellant's *present* intent or lack of mistake. This is precisely why other courts have held that prior bad acts, too remote in time, are inadmissible to show present intent. *Cf.* Freeman v. State, 486 P.2d 967 (Alaska 1971); *Kelley,* cited above; Commonwealth v. Bradley, 364 A.2d 944 (Pa. Super.Ct. 1976); Hall v. State, 528 P.2d 1117 (Okla.Crim. 1974); State v. Chapman, 168 N.E.2d 14 (Ohio App. 1959).

While the majority concede that "the other acts of molestation were remote in point of time," they apparently justify admissibility because "[t]heir testimony at trial was simply a reiteration of statements made shortly after the occurrences and, to that extent, possess a trustworthiness which, perhaps, they would not possess if uttered for the first time nine years

later.'' The statement completely ignores the fact that those reiterated statements were hearsay, inadmissible at trial. *See* NRS 51.035. We recognize that prior consistent statements may be used to rebut an express or implied charge, of recent fabrication, NRS 51.035(2)(b), but here appellant made no such charge.

In McMichael v. State, 94 Nev. 184, 188, 577 P.2d 398, 401, decided less than a month ago, this court expressly stated that, ''this type evidence, to be relevant, should not be admitted unless the acts are similar *and* proximate in time.'' (Emphasis added.) We noted that the exception recognized in *McMichael* was a narrow one, explicitly stating:

> Because of the dangers of creating assumptions of guilt in the minds of the triers of fact, the risks attendant to compelling the accused to meet collateral charges and possible confusion of the issues, *this exception mandates proof of similar offenses which are near in time to the principal offense* and which do not apply to mere criminal propensities in general but rather to specific sexual proclivities. *The evidence should be received with extreme caution, and if its relevancy is not clear, the evidence should be excluded.* (Emphasis added.) 94 Nev. at 190, 577 P.2d at 401.

Quite obviously, there is no way to reconcile the statements this court unanimously endorsed in the *McMichael* case, which are consistent with the law elsewhere, and the court's contrary holding today.

BATJER, C. J., concurs.