DAVID MITCHELL, JR., Appellant, v. THE STATE OF NEVADA, Respondent.

No. 19897

November 27, 1989                    782 P.2d 1340

*David Parraguirre,* Public Defender, and *Karen L. Grifall,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Larry Guy Sage,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

In the same information, the State charged appellant David Mitchell, Jr. (Mitchell) with four criminal counts: grand larceny from and sexual assault of Mary Beth Petz (Petz), and sexual assault and murder of Jacqueline Brown (Brown). The Petz incidents occurred 45 days prior to the incidents involving Brown. The two incidents do not appear connected, except that Mitchell took the two women dancing and drinking at the same bar and is alleged to have sexually assaulted both women. Mitchell was convicted pursuant to jury verdict of all the counts except sexual assault of Petz.

Mitchell raises two assignments of error. First, he argues for reversal of his conviction on the count of sexual assault of Brown on the ground that the evidence in support of that count was insubstantial. Second, he urges this court to reverse all three convictions because the district court committed reversible error by denying Mitchell's pretrial motion to sever the Petz counts from the Brown counts. Although the second contention has merit, we conclude that the error due to misjoinder was harmless as to all counts and, hence, affirm the convictions on all counts.

■■■

This court will not disturb a judgment of conviction in a criminal case on the basis of insufficiency of the evidence so long as the jury verdict is supported by substantial evidence. Deeds v. State, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981). Contrary to Mitchell's contention, substantial evidence supports the verdict of guilty on the count of sexual assault of Brown. Mitchell admitted having sex with Brown. When Brown was found dead on a dirt road, she had been stabbed 30 times, her dress was pulled down to the waist and her underwear was torn. Despite the lack of any severe injury to Brown's genitalia, a doctor testified that the intercourse could have been nonconsensual. The doctor further testified that Brown suffered "defensive wounds" to her forearms, consistent with a person fighting off a sexual attack. Finally, although other witnesses observed Brown and Mitchell flirting with each other on the evening Brown was murdered, one witness testified that he had seen Brown resisting Mitchell's romantic advances earlier that evening. These facts are substantial evidence to support the jurors' conclusion that the intercourse between Brown and Mitchell was not consensual.

■■■■

Mitchell's contention that it was error for the district court to
■

deny defense counsel's motion to sever the Brown counts from the Petz counts has merit. NRS 173.115 permits joinder of criminal counts only if the counts are based on the same transaction or constitute part of a common scheme or plan. Being 45 days apart, these separate incidents cannot be considered part of the same transaction. Nor can taking two different women dancing and later attempting intercourse be considered part of a common plan just because the women are taken in part to the same bar. *See* Nester v. State of Nevada, 75 Nev. 41, 334 P.2d 524 (1959). If, however, evidence of one charge would be cross-admissible in evidence at a separate trial on another charge, then both charges may be tried together and need not be severed. Robinson v. United States, 459 F.2d 847, 855 (D.C.Cir. 1972). Here, the district court denied the motion for severance on the basis that evidence of the Petz counts would have been cross-admissible at a separate trial on the counts of murder and sexual assault of Brown.

Evidence of prior bad acts such as Mitchell's acts involving Petz is admissible only if: (1) the prior acts are relevant to the crime charged because they show motive, intent or another material element listed in NRS 48.045(2); (2) the prior acts are proved by clear and convincing evidence; and (3) the prior acts are more probative than prejudicial. Berner v. State, 104 Nev. 695, 765 P.2d 1144 (1988); NRS 48.045(2). Here, evidence of the prior alleged sexual assault of Petz was marginal. Because she was drunk or tired, Petz did not even remember having sex with Mitchell. Even assuming that prior incident was relevant under NRS 48.045(2), under these circumstances the trial judge erred in concluding that the alleged sexual assault of Petz was proved by clear and convincing evidence. Indeed, the district court advised the jury against a guilty verdict on this count due to the paucity of evidence of lack of consent. Under *Berner,* then, evidence of the sexual assault of Petz was not cross-admissible as to the counts involving Brown, and the district court erred by denying the motion to sever the counts.

Although the district court erred, we conclude that the error was harmless. Faced with a conflict among the federal circuits, the U.S. Supreme Court held that errors in joinder of defendants are subject to harmless error analysis. U.S. v. Lane, 474 U.S. 438, 449 (1985). Based on the reasoning of *Lane,* we believe that misjoinder of claims is also subject to harmless error analysis. Other courts have since applied the harmless error standard announced in *Lane* to misjoinder of claims. U.S. v. Gorecki, 813

F.2d 40, 42 (3d Cir. 1987); U.S. v. Turoff, 853 F.2d 1037, 1042 (2d Cir. 1988). Error due to misjoinder requires reversal only if the error has a "substantial and injurious effect or influence in determining the jury's verdict." *Lane,* 474 U.S. at 450.

We conclude that the error in failing to sever did not have a substantial or injurious effect or influence the jury. First, we note that the jury acquitted Mitchell of the prior sexual assault of Petz; this indicates that joinder of this count did not have a substantial and injurious effect on the verdicts regarding the Brown counts. Second, the evidence of sexual assault of Brown was convincing for reasons previously stated. Third, the evidence of murder of Brown was also convincing. Mitchell admitted to driving with Brown to the dirt road where Brown's body was found. Testimony indicated that only one set of bootprints was in the soil surrounding the victim and only one set of bootprints left the murder scene. Witnesses testified that Mitchell was wearing boots on the night of the murder. All this indicates that it could only have been Mitchell who committed the murder. Confirmation of this conclusion is found in the facts that Mitchell's clothes were speckled with blood, that Mitchell was wearing a knife consistent with Brown's wounds on that evening, and that three inmates testified that Mitchell admitted to the murder. Fourth and finally, we conclude that evidence of the grand larceny from Petz was convincing, so that joinder of the Brown counts did not prejudice the jury's verdict as to the grand larceny count.

Accordingly, the district court's judgment is affirmed.