## HAROLD L. BECK, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 19724

December 29, 1989                   784 P.2d 983

*Herbert J. Santos,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, an art teacher at Pine Middle School in Reno, met thirteen-year-old Mark while supervising the detention hall in 1986. Following a jury trial, appellant was convicted of three counts of sexually assaulting Mark. The district court sentenced appellant to serve concurrent terms of life imprisonment with the possibility of parole in the Nevada State Prison.

At trial, the district court denied appellant's motion *in limine* to exclude the testimony of Joe Espinoza, a previous drama student of appellant's. The district court ruled that the evidence was admissible to show motive, intent, identity and common scheme or plan. NRS 48.045. Espinoza testified about an alleged incident of misconduct with appellant. This bad act allegedly occurred in 1970 or 1971, during Espinoza's freshman year of high school.

On appeal, appellant contends that the district court erred by admitting Espinoza's testimony of an alleged bad act that occurred approximately 16 years prior to the incident with Mark. Specifically, appellant argues that the uncharged and unreported incident between appellant and Espinoza did not prove anything, and was therefore irrelevant.

This contention has merit. In Berner v. State, 104 Nev. 695, 765 P.2d 1144 (1988) we stated:

> In some fairly recent cases, we have allowed greater latitude in evidence presented to show aberrant sexual propensities. We have been careful, however, to require that such evidence must be probative of something beyond mere character, such as intent, motive, or plan. Subject to this requirement, evidence of alleged misconduct may be acceptable if three conditions are met: (1) the incident is relevant to the crime charged; (2) the incident is proven by clear and convincing evidence; and (3) the evidence is more probative than prejudicial. (Citations omitted) *Id.* at 697, 765 P.2d at 1146.

First, we note that admission of evidence of prior bad acts is within the district court's sound discretion, and this court will respect the lower court's determination where it is not manifestly wrong. Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985). "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. NRS 48.015. Here, there is no clear connection between the alleged incident with Espinoza and the misconduct with Mark. The alleged offense with Espinoza was clearly remote in time, occurring approximately 16 years prior to the incident with Mark. Unlike the misconduct with Mark, the alleged misconduct with Espinoza did not involve a sexual act. Therefore, we conclude that the alleged misconduct with Espinoza was not relevant to the case in chief.

Second, the State has failed to show, by plain, clear and convincing evidence that the appellant committed the offense. Berner, 104 Nev. at 697, 765 P.2d at 1146 (1988). Espinoza's testimony was the only evidence of the uncharged incident. There was no corroboration of the alleged prior incident, because Espinoza never told anyone about it until he saw a newspaper article about appellant's indictment. In addition, appellant completely denied taking Espinoza to his house and committing any misconduct.

Third, we conclude that any probative value of the evidence of the alleged bad act with Espinoza is outweighed by its prejudicial effect. NRS 48.035(1). We have already concluded that Espinoza's testimony regarding the alleged bad act was not relevant to the charged crime. Moreover, our review of the record convinces us that the evidence was extremely prejudicial because it implied that appellant possessed abnormal sexual desires for young boys. Furthermore, the State relied on Espinoza's testimony in its closing argument, thereby increasing the possibility of prejudice.

Finally, we note that the identity of the perpetrator was never at issue in this case. See Mayes v. State, 95 Nev. 140, 591 P.2d 250 (1979). Moreover, we conclude that appellant's alleged bad act does not demonstrate a common scheme or plan. Therefore, the district court erred by admitting the alleged bad act to prove identity or common plan or scheme. NRS 48.045(2). In light of the above discussion, we conclude that the district court abused its discretion by admitting Espinoza's testimony.

Accordingly, we reverse appellant's conviction and we remand this matter to the district court for further proceedings consistent with the views expressed in this opinion.[1]

---

[1]In light of our disposition on this issue, we need not consider appellant's other assignments of error.