*850 OPINION
By the Court,
Steffen, J.:
Appellant was convicted by the district court, pursuant to a jury verdict, of one count of lewdness with a child under the age of fourteen years. NRS 201.230. Appellant contends that the district court abused its discretion in admitting evidence of a prior, allegedly bad act. We agree and reverse the judgment of conviction.
At trial, the nine-year-old victim testified that appellant, her neighbor, invited her into his house. Appellant sat on the colfee table and then asked the victim if she would sit on his lap. The victim testified that she sat on appellant’s lap and that appellant touched her between her legs, on the outside of her underpants, by sticking his hand up her shorts. As the victim was leaving, appellant asked her if she would hug and kiss him. The victim complied with the request but did not remember at trial whether she kissed appellant on the mouth. Two neighbor boys were present at the open doorway of appellant’s house during the incident. Neither boy saw appellant touch the child inappropriately.
During cross-examination, as appellant’s counsel was attempting to elicit information concerning bias against appellant from the mother of the two neighbor boys, the mother spontaneously mentioned that her husband had observed another neighborhood child sitting on appellant’s lap.
At the state’s request, the district court conducted a hearing *851 concerning admission of testimony from the neighbor boys’ father, pursuant to Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985). The state indicated that it wished to present testimony from the boys’ father concerning the father’s observation of the other neighborhood girl sitting on appellant’s lap for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident pursuant to NRS 48.045(2). The state also argued at the hearing that the evidence was admissible for the following reason:
[DJefense counsel has asked [the mother,] during cross-examination, if her husband had ever said anything derogatory about the Defendant to her, and she stated yes, that he had told her about this incident with the young black child.
And the defense has now opened the door for this response, or this next witness to come in and testify in regards to that black child being seated upon the lap of the defendant. . . .
It wouldn’t be hearsay, it would be direct evidence, to fill in the gaps for the door that was opened by the defense.
So even if there is a question as to probative value versus prejudicial affect, I think that’s now outweighed by the fact the door has been opened by the defense, and that this type of testimony should be allowed in.
The district court concluded that the evidence was prejudicial and clearly collateral. Nonetheless, the district court concluded that the father could testify about seeing the girl sit on appellant’s lap because the defense, through the spontaneous statement of the boys’ mother on cross-examination, had opened the door to this issue, and admission of the testimony was mandated by Findley v. State, 94 Nev. 212, 577 P.2d 867 (1978) (evidence showing that an accused possesses a specific emotional propensity for sexual aberration is relevant).
The father of the two boys testified that he “noticed something very unusual” about a week prior to the incident with the victim. The father saw several children at appellant’s house, including one nine or ten-year-old girl who was sitting on appellant’s lap. The father called his wife and told her that “it is awful unusual that [appellant] has lived here this amount of time and all the kids are over on the backside of the house, and the girl was sitting on his lap.” The state did not question the father about his possible bias towards appellant.
During closing arguments, the state argued, in part, the following:
There is another corroborative fact that has to be taken into consideration, and there is an instruction which will tell you how to use this evidence.
*852 We have an individual, the Defendant, who is seen approximately a week before July 23rd, with another little girl sitting on his lap, with other children around.
So it’s not unusual for this man to have children around his house. Why would somebody who had been in the neighborhood for such a short time have children around?
Why would the Defendant have children sitting on his lap?
These are things for you to consider when you go to the jury room.
The district court gave an instruction to the jury which recited NRS 48.045(2).
The jury returned a verdict of guilty. On April 4, 1991, the district court convicted appellant of one count of lewdness with a child under age of fourteen and sentenced appellant to serve a term of ten years in the Nevada State Prison. This appeal followed.
Appellant contends that the district court erred in permitting the state to present irrelevant and prejudicial testimony indicating that a neighbor girl sat on appellant’s lap. We agree. Relevant evidence “means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.” NRS 48.015. The simple fact that a girl sat on appellant’s lap does not tend to increase or decrease the probability of the existence of any fact necessary to prove that appellant committed the act of lewdness on the victim with which appellant was charged. The record is devoid of any evidence suggesting that the other girl was also a victim of lewdness by appellant. The state merely presented an apparently innocent act as though it were a bad act without providing any nexus between that act and the elements of the offense charged in this case.
The state argues, nevertheless, that the evidence was relevant to corroborate the victim’s story. We disagree. Appellant did not deny the fact that the victim sat on his lap. Rather, appellant’s argument was that although the victim sat on his lap, he did not touch her in an inappropriate manner. The victim and the two boys testified that the victim sat on appellant’s lap. There was no need to corroborate this undisputed testimony.
The evidence concerning the girl sitting on appellant’s lap could only be relevant for one purpose: to prove that appellant was of bad character and acted in conformity with his bad character. The state’s closing argument reveals that this was the *853 purpose for the state’s desire to introduce the evidence. Absent certain exceptions, evidence of a person’s character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. Further, evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. See NRS 48.045. The state argues that the testimony at issue falls within the exceptions to this general rule. Specifically, the state argues, pursuant to NRS 48.045(2), that the testimony is relevant to prove intent, absence of mistake or accident and appellant’s common scheme or plan. The state notes that “in the sex crime cases a generally more liberal attitude exists in admitting evidence of prior and subsequent proscribed sexual conduct.”
NRS 48.045(2) provides:
Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
“In some fairly recent cases, we have allowed greater latitude in evidence presented to show aberrant sexual propensities.” Berner v. State, 104 Nev. 695, 697, 765 P.2d 1144, 1146 (1988). “We have been careful, however, to require that such evidence must be probative of something beyond mere bad character, such as intent, motive or plan.” Id. Significantly, each of these fairly recent cases involved conduct which is indisputably “bad.” See, e.g., Daly v. State, 99 Nev. 564, 665 P.2d 798 (1983) (victim’s testimony of uncharged acts of sexual assault by defendant admissible); Findley v. State, 94 Nev. 212, 577 P.2d 867 (1978) (two women allowed to testify that nine years earlier defendant had molested them in a manner similar to that with which defendant was charged); Willett v. State, 94 Nev. 620, 584 P.2d 684 (1978) (minor boy allowed to testify about a prior act of oral copulation defendant performed on the boy); Simpson v. State, 94 Nev. 760, 587 P.2d 1319 (1978) (defendant’s minor step-children testified to prior illicit sexual conduct with them and other members of the family). We have not extended, and do not now extend, greater latitude in admitting evidence of prior acts which do not involve proscribed sexual conduct or sexual aberration. The act of having a child sit on one’s lap is not a bad act, is not proscribed sexual conduct, and is not, in itself, an indication of sexual aberration.
*854 The state contends that the evidence was relevant to prove intent, absence of mistake, absence of accident, and appellant’s common scheme or plan. The general rule is that evidence of prior acts is inadmissible to prove character or actions in conformity therewith. The state has not explained how any of the exceptions contained in NRS 48.045(2) specifically relate to the facts of this case. A mere recitation of the statute is not sufficient justification for the admission of prior acts.
Similarly, the state may not present character evidence as rebuttal to a defense which the accused has not yet presented. “ ‘Before an issue can be said to be raised, which would permit the introduction of such evidence so obviously prejudicial to the accused, it must have been raised in substance if not in so many words, and the issue so raised must be one to which the prejudicial evidence is relevant. The mere theory that a plea of not guilty puts everything material in issue is not enough for this purpose. The prosecution cannot credit the accused with fancy defences in order to rebut them at the outset with some damning piece of prejudice.’ ” McCormick on Evidence § 190 at 452 n.54 (Edward W. Cleary, 2d ed. 1972) (quoting Lord Sumner in Thompson v. The King, App. Cas. 221, 232 (1918)). In this case, the state may not legitimately claim that the evidence was relevant to rebut claims of accident or mistake because appellant did not present a defense based on accident or mistake.
“The use of uncharged bad acts to convict a defendant is heavily disfavored in our system of criminal justice. Such evidence is likely to be prejudicial or irrelevant, and forces the accused to defend himself against vague and unsubstantiated charges. . . . Evidence of uncharged misconduct may unduly influence the jury, and result in a conviction of the accused because the jury believes he is a bad person. . . . The use of specific conduct to show a propensity to commit the crime charged is clearly prohibited by Nevada law, . . . and is commonly regarded as sufficient grounds for reversal.” Berner v. State, 104 Nev. 695, 696-97, 765 P.2d 1144, 1145-46 (1988) (citations omitted). We therefore conclude that the district court abused its discretion in admitting the evidence of the prior act.
“We have established certain considerations which are relevant to the decision of whether error is harmless or prejudicial. These include whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime *855 charged.” Big Pond v. State, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). The issue of guilt or innocence was close in this case. Although the child testified that appellant touched her inappropriately, there was no physical evidence and the two boys who were present at the time of the alleged misconduct did not see it happen. In evaluating the quantity and character of the error, we find it significant that the father’s entire testimony concerned the alleged prior act, and the state emphasized the testimony during closing argument. Finally, in evaluating the gravity of the crime charged, we note that lewdness with a child is among the most socially stigmatized offenses and the crime carries the potential of a harsh sentence, as evidenced by the ten year prison term imposed in this case. We are unable to conclude that the error in this case was harmless. Accordingly, we reverse the judgment of conviction, and remand for a new trial.
Young, J., concurs.