Maupin, J.,
concurring and dissenting:
I agree with Justice Rose that Richmond’s convictions should be reversed and remanded for a new trial. More particularly, I agree that a fully briefed and argued motion in limine that leads to a definitive pretrial ruling is sufficient to preserve issues litigated in the motion for appellate review. I also agree that we must apply the decision in Braunstein v. State[1] to the present appeal. I write separately to note my individual views on the admissibility of the “other bad act” evidence in this case and in these contexts *936 generally. I will also briefly address the dissent’s position on the application of Braunstein to this matter.

Admissibility of “other bad act” evidence under NRS 48.045(2)

As noted by Justice Rose, the issues litigated in this appeal hinge on our recent decision in Braunstein, and its invalidation of our rulings in McMichael v. State,[2] Findley v. State,[3], and their progeny.[4] Under McMichael and Findley, evidence showing that a defendant possessed a propensity towards sexual aberration was relevant to the defendant’s intent in a sex-crime prosecution[5] and, as a matter of law, the probative value of such evidence outweighed the risk of prejudice.[6] This rule remained in effect at the time of Richmond’s trial and has been relied upon many times, as recently as our 1998 decision in Bolin v. State.[7]
The majority opinion in Braunstein states:
[W]e specifically . . . repudiate the legal proposition stated in McMichael v. State that evidence showing an accused possesses a propensity for sexual aberration is relevant to the accused’s intent.[8]
Although this language seemingly implies that other bad act evidence is never relevant to show propensity towards sexual aberration, the Braunstein opinion goes on to stipulate that such evidence is admissible if NRS 48.045(2)[9] is fully satisfied. The separate opinions of Justices Rose and Shearing in this matter remove any ambiguity as to whether the repudiation of McMichael and Findley renders such evidence irrelevant and thus inadmissible, as the passage quoted above might seem to suggest. To the *937 contrary, our pronouncements today, when read together with the entirety of the Braunstein opinion, confirm that such evidence remains admissible if the proponent of the evidence can show, as explained in Tinch v. State,[10] that (1) the other bad acts are relevant to the crime charged, (2) the State can prove the prior bad acts by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by its prejudicial impact.[11]
In applying Braunstein to the facts of the case, Justice Rose concludes that A.R.’s evidence could not have been admitted in Richmond’s prosecution for acts perpetrated against A.B. to show motive or that the sexual assaults of A.B. were committed as part of a common scheme or plan. I disagree with Justice Rose’s view of the scope of the “motive exception” under NRS 48.045(2).[12]
The dissent cogently argues that A.R.’s testimony was relevant to demonstrate motive, to wit: an attraction or obsession with a victim. Thus, the dissent reasons, attraction or obsession with a child victim shows why the crime was committed. I agree. To me, whatever might “motivate” one to commit a criminal act is legally admissible to prove “motive” under NRS 48.045(2).
As one of the dissenters to the repudiation of McMichael and Findley, I also have to agree that other acts of sexual aberration do show why a person would commit an act of sexual violence upon a minor child. In this, such evidence is also admissible to show intent. To me, why a person commits a crime from his or her mental viewpoint is inextricably intertwined with that person’s intent.
Beyond proof of motive and intent, a predilection towards this type of aberrant behavior should remain relevant in these cases as a general matter because NRS 48.045(2) is not restricted to the examples set forth as exceptions to non-admissibility of other acts or wrongs to prove character. Such evidence is admissible under NRS 48.045(2) for “other purposes, such as proof of motive . . . .” (Emphasis added.) If such evidence is admissible to explain why an offense was committed, and if the evidence does not fit neatly within one of the enumerated examples, the evidence is still admissible for “other purposes.” This of course is the essence of McMichael and Findley, and why I dissented from the repudiation in Braunstein of these cases.
*938 Third prong of Tinch
The dissent does not address whether the probative value of the motive evidence substantially outweighed the prejudicial effect of its admission. I attribute this to the fact that my dissenting colleagues oppose retroactive application of Braunstein in this case. If this is so, it would appear that they wish to apply McMichael and Findley to affirm the judgment below. Because I believe that we must now apply Braunstein to this controversy, and because I believe application of the third prong of Tinch requires reversal, I will address this issue immediately below.[13]
As summarized by Justice Rose, the trial judge found that the claims of A.B. were not cross-admissible in the trial of the A.R. accusations because the claims of A.B. were not proved or established by clear and convincing evidence under Tinch. Notwithstanding my view that A.R.’s claims were relevant as evidence of motive and intent in the A.B. trial, I conclude that admission of the evidence of Richmond’s misconduct with child victim A.R. in the much weaker case involving the claims of A.B. was an abuse of discretion under the majority’s repudiation of McMichael and Findley in Braunstein. Clearly, the probative value of A.R.’s allegations bolstered the much weaker A.B. case, that the trial court felt could not pass muster under an even lesser burden of proof than would be required to convict Richmond at trial. Thus, the prejudicial effect of the A.R. evidence substantially outweighed its probative value.
Automatic exclusion/inclusion under NRS 48.045(2) and the upshot of Braunstein
The dissent argues that Justice Rose has misapplied Braunstein by implicitly creating a rule of automatic exclusion of other acts of misconduct in these circumstances. In this, the dissenting opinion also observes that the purpose of Braunstein was to overturn a rule of automatic admissibility of evidence of sexual aberration, not to create a new rule of automatic exclusion. Neither proposition is true.
First, McMichael and Findley required that such evidence be relevant to charges of sexual assault, and that the “other” evidence be proved by clear and convincing evidence. This second leg of the rule of admissibility under Tinch was applied by the district court with regard to the admissibility of A.B.’s evidence in the prosecution of the A.R. allegations. The third leg of admissibility, that the probative value of the evidence must not substan *939 tially outweigh its prejudicial effect, was per se satisfied under McMichael and Findley because other sexually aberrant acts, if proved by clear and convincing evidence, strongly suggest the mental state required to commit acts such as pedophilia or forcible rape. Clearly, the McMichael line of cases did not create a rule of automatic admissibility.
Second, if we assume that all three prongs of Tinch must be proved to establish admissibility under NRS 48.045(2), particularly the elimination of Findley's rule that the probative value of sexual aberration evidence is never outweighed by its prejudicial effect, an automatic rule of exclusion has not been created under Justice Rose’s Braunstein analysis. Certainly, no rule of automatic non-admissibility exists under my analysis.
Under the dissent’s application of the motive exception to the type of facts submitted in this particular case, it is arguable that there are no cases where this evidence of motive will be inadmissible under Braunstein's repudiation of Findley. If this is so, given that four members of this court seem to agree on the scope of permissible motive evidence under NRS 48.045(2), the analytical exercise mandated under Braunstein has accomplished little of significance in the way of change in evidentiary doctrine, at least as a practical matter. Thus, I have revisited the repudiation of McMichael and Findley in order to urge that the dilemma this case has created with regard to our retroactivity rules could be avoided by simply reviving the rules set forth in these cases.[14] Having said this, I recognize that such is unlikely and therefore will simply apply what I believe to be the new rule in this and in future cases.[15]
Retroactive application of Braunstein
The majority in Braunstein overturned the McMichael line of cases in dealing with Braunstein’s claim that other bad act evidence was improperly admitted within the parameters of the prior cases. He did not, in making his argument, seek our rejection of the prior cases as valid authority. Richmond, on the other hand, urged in this appeal that we overturn these precedents in briefs filed before our decision in Braunstein. Although we did not rule *940 in Braunstein’s favor, we applied the new rule of admissibility to him. Having sought repudiation of these prior cases, Richmond should likewise have the benefit of that analysis.
I note again that, as a practical matter, little has changed with regard to admissibility of this type of evidence under the dissent’s approach to admission of evidence under NRS 48.045(2). The trauma to the system the dissent claims will eventuate as a result of the retroactive application of Braunstein in this case could have been avoided by leaving the McMichael line of cases intact. This is simply the net effect of changes in the law to pending cases.
My dissenting colleagues observe:
The cases on direct appeal should be analyzed under the case law applicable at the time of the trial. However, this court could also review the cases on appeal by analyzing the particular evidence to determine whether it would have been admissible under our rules of evidence, as this court did in Braunstein.[16]
The two quoted sentences are seemingly at odds. We must apply either the old or the new rule. In this connection, I would reiterate that my dissenting colleagues’ primary view on retroactivity would ironically require our application of McMichael and Findley to the instant controversy.

 118 Nev. 68, 40 P.3d 413 (2002).

 94 Nev. 184, 577 P.2d 398 (1978), overruled, on other grounds by Meador v. State, 101 Nev. 765, 711 P.2d 852 (1985), and overruled by Braunstein, 118 Nev. 68, 40 P.3d 413.

 94 Nev. 212, 577 P.2d 867 (1978), overruled by Braunstein, 118 Nev. 68, 40 P.3d 413.

 Braunstein, 118 Nev. at 73-75, 40 P.3d at 417-18.

 McMichael, 94 Nev. at 189, 577 P.2d at 401.

 Findley, 94 Nev. at 215, 577 P.2d at 868; see also Braunstein, 118 Nev. at 75, 40 P.3d at 418.

 114 Nev. 503, 528-29, 960 P.2d 784, 800-01 (1998).

 Braunstein, 118 Nev. at 73, 40 P.3d at 417 (footnote omitted). The undersigned justice dissented to this change in doctrine. It is now, however, incumbent upon us to apply this new rule.

NRS 48.045(2) provides:
Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

 113 Nev. 1170, 946 P.2d 1061 (1997).

 See Braunstein, 118 Nev. at 72-73, 40 P.3d at 416-17; Tinch, 113 Nev. at 1176, 946 P.2d at 1064-65.

 I agree that the “other bad act” evidence at issue here was not relevant to show Richmond assaulted A.B. and A.R. as part of a common scheme or plan.

 I would agree that an analysis of this appeal under McMichael and Findley would require that Richmond’s conviction be affirmed. Under these prior cases, the third prong was established as a matter of law if the first two prongs of Tinch were satisfied.

 Evidence of separate acts of pedophilia or other forms of sexual aberration are not character evidence, but are admissible for the “other purpose” of explaining why a crime of sexual deviance was committed. The mental aberration that leads a person to commit a sexual assault upon a minor child, while not providing a legal excuse to criminal liability, does explain why the event was perpetrated. Thus, I remain of the opinion that neither McMichael nor Findley improperly expanded the scope of NRS 48.045(2).

 As noted in the margin above, an analysis of this appeal under McMichael and Findley would mandate that we affirm the conviction below. This does not change my view that the prior cases did not create an automatic rule of admissibility.

 See dissenting opinion post p. 941.