An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LEON WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59822

**FILED**

MAY 14 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In his June 20, 2011, petition, appellant claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14205

First, appellant claimed that appellate counsel was ineffective for failing to argue that the charge of destroying evidence should not have been joined with the charges of attempted robbery and battery causing substantial bodily injury. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that this claim had a reasonable probability of success on appeal. Evidence from the destroying-evidence case was cross-admissible in the attempted robbery and battery-causing-substantial-bodily-injury case, and vice versa, and the crimes were connected together. *Mitchell v. State*, 105 Nev. 735, 738, 782 P.2d 1340, 1342 (1989); NRS 173.115(1)-(2). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that appellate counsel was ineffective for failing to argue that appellant's conviction was void because he was without counsel during his arraignment on the charge of destroying evidence and the district court did not read the indictment to him. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that this claim had a reasonable probability of success on appeal. While it appears correct that appellant was not formally represented by counsel at the arraignment on the charge of destroying evidence, the public defender's office was there during the hearing and was informally representing him at the time because it was also representing him on the charges of attempted robbery and battery causing substantial bodily injury.[2] Further, while the district court did not read the indictment to appellant,

---

[2]We note that the public defender's office made arguments on behalf of appellant at the hearing regarding the joinder of the two cases. At the end of the hearing, the district court appointed the public defender's office to represent appellant on the destroying-evidence case.

it was clear that he had a copy of the indictment and understood it as he attempted to make a challenge to the indictment at the arraignment. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by allowing the State to amend and re-word the information for the charge of destroying evidence before and during trial. Further, he claimed that appellate counsel was ineffective for failing to argue that the amending of the information was prosecutorial misconduct and for failing to argue that a jury instruction regarding aiding and abetting should not have been given. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that these claims had a reasonable probability of success on appeal. After appellant was indicted and prior to trial, the State added two theories of how appellant destroyed evidence: conspiracy and aiding and abetting. During trial, the State amended the information to delete the theory of conspiracy. Appellant failed to demonstrate that an additional or different offense was charged or that his substantial rights were prejudiced by the State adding a theory of the offense. NRS 173.095(1). Therefore, the district court did not err in denying these claims.

Fourth, appellant claimed that appellate counsel was ineffective for failing to argue that the charge of battery causing substantial bodily injury was unconstitutionally vague. Further, he claimed that appellate counsel was ineffective for failing to argue that the State should have included the definition of substantial bodily injury in the information and that it was error to include jury instructions regarding battery causing substantial bodily injury. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that these claims had a

reasonable probability of success on appeal. This court has previously concluded that the term "prolonged physical pain" was not unconstitutionally vague. *Collins v. State*, 125 Nev. 60, 65, 125 P.3d 90, 93 (2009). Moreover, appellant failed to make any cogent argument that the term "serious, permanent disfigurement" was unconstitutionally vague. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Further, the information sufficiently informed appellant of the elements of battery causing substantial bodily injury. *See* NRS 200.481(2)(b). NRS 0.060 merely defines substantial bodily injury. Finally, appellant failed to demonstrate that appellate counsel erred by failing to attack the jury instructions regarding battery causing substantial bodily injury. Therefore, the district court did not err in denying these claims.

Fifth, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by denying his motion to suppress. Specifically, appellant claimed that he was arrested prior to the police officer having probable cause. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that this claim had a reasonable probability of success on appeal. Appellant was detained after he was found less than a mile from the crime scene because he matched the description given by the victim and appeared to have blood on his shirt. He was stopped by one officer who feared that appellant might be dangerous and was handcuffed. A short time later, the victim was brought to the scene of the detainment and identified appellant as the assailant. At this time, appellant was arrested. Based on the above facts, the detention was not an arrest because the police officer had reasonable articulable suspicion that appellant had committed a crime, *Somee v. State*, 124 Nev. 434, 442, 187 P.3d 152, 158 (2008), and a detention does not become a de facto arrest merely because a defendant is placed in handcuffs. *State v. McKellips*, 118

Nev. 465, 471, 49 P.3d 655, 660 (2002) (stating that a detention does not become a de facto arrest merely because a defendant is placed in a police car). Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by denying appellant's second motion for discovery. Specifically, appellant wanted the victim's un-redacted medical records regarding his social anxiety disorder and use of Xanax. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that the claim would have a reasonable probability of success on appeal. Appellant elicited testimony at trial regarding the victim's social anxiety disorder and the fact that the victim was prescribed and took Xanax. He failed to demonstrate what effect further information regarding these subjects would have had at trial. Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by denying his request for a cautionary jury instruction regarding the victim's intoxication at the time of the crime. Further, he claimed appellate counsel should have challenged the jury instruction regarding witness credibility. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced because appellant failed to demonstrate that these claims had a reasonable probability of success on appeal. At the time of settling the jury instructions, appellant did not request or provide such an instruction. Further, there was another instruction that discussed witness credibility and appellant failed to demonstrate that instruction was incorrect. Therefore, the district court did not err in denying these claims.

(O) 1947A

Eighth, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by giving jury instructions 19, 21, and 28 because the district court overruled too many of his objections, the State wrongly elicited testimony about his prior convictions, and that the district court did not correctly handle a jury question after the close of evidence.[3] Appellant failed to demonstrate appellate counsel was deficient or that he was prejudiced because he failed to argue that these instructions were erroneously given to the jury. Therefore, the district court did not err in denying these claims.

Ninth, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by giving jury instruction 25, the flight instruction. Appellant failed to demonstrate appellate counsel was deficient or that he was prejudiced. Appellant failed to demonstrate that this claim had a reasonable probability of success on appeal because the State presented evidence of flight and the record supports the conclusion that the defendant fled with consciousness of guilt and to evade arrest. *See Rosky v. State*, 121 Nev. 184, 199, 111 P.3d 690, 699-700 (2005). Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by denying his motion for a competency evaluation of the victim. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that this claim had a reasonable probability of success on appeal. While the victim may have been intoxicated at the time of the altercation, every person is competent

---

[3]We note that appellant requested instruction 21 and did not object to the district court giving instructions 19 and 28.

to be a witness. NRS 50.015. Further, the State introduced evidence that demonstrated that the victim had personal knowledge of the incident, NRS 50.035, and the victim's inconsistent statements created issues of credibility not competency. Therefore, the district court did not err in denying this claim.

Eleventh, appellant claimed that appellate counsel was ineffective for failing to federalize the claims that were raised on direct appeal. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. Appellant failed to demonstrate that he would have gained a more favorable standard of review on direct appeal had appellate counsel federalized the arguments. *See Browning v. State*, 120 Nev. 347, 365, 91 P.3d 39, 52 (2004). Therefore, the district court did not err in denying this claim.

Twelfth, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred by denying appellant's motion to dismiss the third amended information. Specifically, appellant claims that because a deputy district attorney signed the information rather than the district attorney, the third amended information was void. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced as he failed to demonstrate that this claim had a reasonable probability of success on appeal. It was not error for the deputy district attorney to sign the information because the district attorney may delegate any and all duties other than policymaking to his or her deputies. *See* NRS 252.070(1). Therefore, the district court did not err in denying this claim.

Thirteenth, appellant claimed that appellate counsel was ineffective for failing to argue that he should not have been sentenced as a habitual criminal. Appellant claimed that appellate counsel should have argued that the *Faretta* canvass was inadequate because he was not

informed that the sentences could be run consecutive and because, five days prior to trial, he wanted standby counsel to take over and handle the trial. *Faretta v. California*, 422 U.S. 806 (1975). Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that this claim had a reasonable probability of success on appeal. Neither of these arguments go to whether it was proper for the district court to sentence appellant as a habitual criminal. Appellant was given proper notice of the habitual criminal enhancement, was canvassed regarding the habitual criminal enhancement during the *Faretta* canvass, and had the requisite prior convictions. Therefore, the district court did not err in denying this claim.

Fourteenth, appellant claimed that appellate counsel was ineffective for failing to argue that his sentence was illegal. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that his sentence was illegal. Appellant previously filed a motion to correct an illegal sentence raising the same issues and this court concluded that he failed to demonstrate that his sentence was illegal. *Williams v. State*, Docket No. 59821 (Order of Affirmance, February 12, 2013). Therefore, this claim is barred by doctrine of law of the case, *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975), and the district court did not err in denying this claim.

Fifteenth, appellant claimed that appellate counsel was ineffective for failing to communicate with appellant regarding what claims to raise on appeal. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. Appellant's own letters provided in support of his petition demonstrate that counsel and appellant communicated several times during the appeal and we note that counsel incorporated several of appellant's arguments listed in the letters. As stated above, appellate counsel is not required to raise every non-frivolous

argument on appeal. Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that appellate counsel was ineffective for withdrawing prior to this court's decision on his appeal. Specifically, appellant claimed that appellate counsel's withdrawal caused him to not be able to file a reply brief. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. While the district court did grant appellant's motion to withdraw counsel during the pendency of appellant's direct appeal, this court denied appellant's motion to withdraw counsel. A motion for withdrawal of counsel during the pendency of an appeal must be filed in the Supreme Court. NRAP 46(c). Therefore, the district court erred by granting that motion and it did not affect the appeal. Further, appellant failed to demonstrate a reasonable probability of success on appeal had he been able to file a reply brief. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.            _____, J.
Douglas                                                    Saitta

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

 

cc:   Hon. Kathleen E. Delaney, District Judge
       Michael Leon Williams
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk