OPINION
 

 By the Court,
 

 Maupin, J.:
 

 A jury convicted Melvin Leon Jackson of burglary and robbery in connection with an alleged shoplifting incident at a K-Mart outlet in Las Vegas, Nevada. The factual issues at trial involved whether Jackson actually removed a piece of electronic equipment from the store, and whether he later acted in self-defense when accosted by security personnel. He contends on appeal that the district court erred in refusing to admit the results of a polygraph test taken with regard to these factual issues.
 

 At trial, Jackson’s attorney requested that the State enter into a stipulation allowing admission into evidence of the results of a polygraph test to be taken by Jackson. The State declined and Jackson proceeded to take the polygraph test. Thereafter, Jackson filed a motion with the district court to allow admission of the test results for consideration by the jury. This motion was denied and, as noted, Jackson was convicted of burglary and robbery. He appeals the judgment entered on these convictions.
 

 A defendant’s right to present relevant evidence is not unlimited, being subject to reasonable restrictions.
 
 See
 
 United States v. Scheffer, 523 U.S. 303, 308 (1998). In
 
 Scheffer,
 
 the United States Supreme Court was faced with the question of whether a per se rule against admission of polygraph evidence violated an accused’s Fifth or Sixth Amendment rights to present a defense. In determining that such a rule was not a violation of constitutional rights, the Court reasoned “[t]here is simply no consensus that polygraph evidence is reliable.”
 
 Id.
 
 at 309.
 

 In Nevada, polygraph results may be considered reliable when taken under proper conditions and with proper safeguards in place.
 
 See
 
 Corbett v. State, 94 Nev. 643 , 644-45 , 584 P.2d 704, 705 (1978). However, the safeguards include the requirement of a
 
 *336
 
 written stipulation signed by the prosecuting attorney, the defendant, and his counsel providing for defendant’s submission to the test.
 
 See Corbett,
 
 94 Nev. at 644-45, 584 P.2d at 705. Absent a written stipulation, polygraph evidence may properly be excluded.
 
 See
 
 Domingues v. State, 112 Nev. 683, 695, 917 P.2d 1364, 1373 (1996).
 

 Jackson contends that the State’s refusal to stipulate to the admissibility of a polygraph test prior to administration of the test denied him the fundamental right to present evidence in support of his defense. We disagree and conclude that the district court did not err in its refusal to admit Jackson’s polygraph results into evidence. Here, the district court, consistent with this court’s decision in
 
 Corbett,
 
 properly excluded the test results for lack of a written stipulation by all of the parties below.
 

 Jackson claims that the prosecution must have a justifiable reason for refusing to stipulate to the admissibility of a polygraph test. There is no support for this proposition. We conclude that any party to any criminal or civil action may refuse to agree to the stipulation of a polygraph test for any reason, or no reason at all. Until and unless a scientific basis for reliability of polygraph testing is established, the safeguards articulated in
 
 Corbett
 
 provide a reasonable threshold for admissibility. Thus, the State was not required to give a reason for its refusal to agree with Jackson’s proposed stipulation.
 
 [1]
 

 In light of the above, we hereby affirm the judgment of the district court below.
 

 Shearing and Becker, JJ., concur.
 

 [1]
 

 Jackson places primary reliance on McMorris v. Israel, 643 F.2d 458 (7th Cir. 1981), in support of his argument that there must be “justifiable reasons” for a prosecutor’s refusal to stipulate to the admission of polygraph results. We reject this approach. First, the
 
 McMorris
 
 court was construing a Wisconsin case on the subject, which was later overturned.
 
 See
 
 State v. Dean, 307 N.W.2d 628, 653 (1981) (holding that it is error to admit polygraph evidence in a criminal proceeding unless a stipulation was executed prior to September 1, 1981). Second, we reject the notion that polygraph testing has sufficient scientific reliability that would support admission of such evidence over objection by one of the parties to a piece of litigation.