An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK PETER ESTRADA, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60864

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder, victim 60 years of age or older; conspiracy to commit burglary; burglary; conspiracy to commit robbery; and robbery, victim 60 years of age or older. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

First, Appellant Frank Estrada Jr. argues that there was insufficient evidence to support his convictions. We disagree. The jury heard testimony from an admitted co-conspirator that he, Estrada, and others planned to enter the victim's home, knock him unconscious, and steal his belongings. Text messages to and from Estrada's cell phone supported this testimony. The co-conspirator further testified that the attack occurred as planned and when the victim, an elderly man in his eighties, awoke Estrada kicked him about the ribs and face. Several witnesses indicated that they saw two African Americans and a person that they identified as Hispanic fleeing the victim's residence in a white Chevrolet.[1] Estrada's fingerprints were found on the exterior of a co-

---

[1]Estrada describes his race as Samoan or Pacific Islander.

13-07636

defendant's white Chevrolet. The lead detective testified that other co-conspirators placed Estrada at the scene. A medical examiner testified that the victim's injuries were a substantial factor in his death. "[I]t is the function of the jury, not the appellate court, to weigh the evidence." Walker v. State, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). We conclude that "'after viewing the evidence in the light most favorable to the prosecution,'" a rational juror "could have found the essential elements of the crime[s] beyond a reasonable doubt." McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); NRS 193.167; NRS 199.480(1)(a),(3); NRS 200.010; NRS 200.030; NRS 200.380(1); NRS 205.060(1).

Second, Estrada argues that the district court erred by admitting text messages sent to and from his cell phone because they were not properly authenticated. Because Estrada did not object at trial, the State did not attempt to show authorship other than establishing that Estrada was the owner of the phone and was in possession of it when he was arrested. See Rodriguez v. State, 128 Nev. ___, ___, 273 P.3d 845, 849 (2012) (holding that "when there has been an objection to admissibility of a text message the proponent of the evidence must provide . . . sufficient direct or circumstantial corroborating evidence of authorship in order to authenticate" it) (internal citation omitted). Although the record here is incomplete due to the lack of objection, testimony at trial indicates that many of the text messages either directly referenced the crimes or were sent around the same time, used nicknames of Estrada and co-conspirators, contained references known only by a small number of persons, and used terms of endearment unique to the parties involved. See id. We conclude that the district court did not plainly err in admitting

SUPREME COURT
OF
NEVADA

(O) 1947A

2

the text messages. See Patterson v. State, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) ("An error is plain if the error is so unmistakable that it reveals itself by a casual inspection of the record." (all internal quotation marks omitted)).

Third, Estrada argues that the district court erred by excluding photographs of child pornography recovered from the victim's computer in violation of Estrada's right to present a defense. Estrada asserts that introduction of the photographs was necessary because they established that the victim led a high risk lifestyle and therefore increased the number of suspects. "A defendant's right to present relevant evidence is not unlimited, being subject to reasonable restrictions." Jackson v. State, 116 Nev. 334, 335, 997 P.2d 121, 121 (2000). The district court did not prohibit the defense from eliciting information that the victim had child pornography on his computer or that two of the co-conspirators in the case were acting as child prostitutes; rather, it did not admit the photographs because a proper foundation was not laid and the photographs themselves were not relevant. Because we agree that the actual photographs were irrelevant, we conclude that the district court did not abuse its discretion in excluding them. See Collman v. State, 116 Nev. 687, 704, 7 P.3d 426, 437 (2000); see NRS 48.015.

Fourth, Estrada argues that the district court erred by upholding the State's use of a peremptory challenge against a venireperson who was a member of a racial minority group in violation of Batson v. Kentucky, 476 U.S. 79 (1986). After the defense contested the State's strike, the State offered several race-neutral justifications, including that the venireperson's father was currently incarcerated for drug offenses, she was a double major who started school the following

week, she had an appointment the day of trial, she felt uncomfortable sitting on the case because she was the same age as the defendant, and she felt that she had been falsely accused of committing a crime in the past. Because the district court's finding that this explanation was sufficient and the strike was not motivated by the juror's race was not clearly erroneous, we conclude that this claim lacks merit. See Kaczmarek v. State, 120 Nev. 314, 332, 91 P.3d 16, 29 (2004).

Fifth, Estrada argues that the district court erred in denying his motion to strike the jury pool because it did not represent a fair cross-section of the community. Because Estrada failed to establish that the method of selecting jurors from the community systematically excluded racial minorities, we conclude that this claim lacks merit. See Williams v. State, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005) (noting that to demonstrate a "violation of the fair-cross-section requirements the defendant must show . . . that [racial] underrepresentation is due to systematic exclusion of the group in the jury-selection process" (emphasis and quotation omitted)).

Having considered Estrada's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc:   Hon. Linda Marie Bell, District Judge
Law Office of Lisa Rasmussen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A