**NOT FOR PUBLICATION**

**FILED**

OCT 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANE SHAH, | No. 15-15232 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00624-GMN-NJK |
| v. | |
| DEPARTMENT OF JUSTICE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted December 16, 2016
San Francisco, California

Before: Michael Daly Hawkins, Marsha S. Berzon, and Mary H. Murguia, Circuit Judges.

In this case, Mane Shah appeals the district court's denial of his civil suit to compel the DOJ to provide him certain data to use in his defense in the criminal proceedings against him. Shah, accused of committing a criminal offense, agreed to take a polygraph test, which he failed. After Shah received a one-page report on

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the polygraph results, Shah's lawyers requested from the FBI the charts, graphs, and raw data associated with the examination. The U.S. Attorney for the District of Nevada Daniel Bogden ("USA Bogden") rejected Shah's request.

## I.     APA Challenge

Shah argues that DOJ violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, by arbitrarily and capriciously withholding the polygraph data and asserting the law enforcement privilege.[1] We review de novo the district court's grant of summary judgment in favor of DOJ. *Gardner v. U.S. Bureau of Land Mgmt.*, 638 F.3d 1217, 1220 (9th Cir. 2011).

---

[1] We note that Shah does not challenge the existence of a law enforcement privilege that covers law enforcement techniques and procedures. Though several other circuits have adopted such a privilege—*see, e.g.*, *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 64 (1st Cir. 2007), *cert denied* 552 U.S. 1295 (2008) (recognizing a qualified privilege for law enforcement techniques and procedures); *In re Dep't of Investigation of the City of N.Y.*, 856 F.2d 481, 483–84 (2d Cir. 1988); and *Black v. Sheraton Corp. of America*, 564 F.2d 531, 541–42, 546–47 (D.C. Cir. 1977)—the U.S. Supreme Court and the Ninth Circuit have yet to recognize or reject a "law enforcement privilege." Given that Shah does not argue that DOJ's assertion of the law enforcement privilege was "not in accordance with law," 5 U.S.C. § 706(2)(A), we assume without deciding that the privilege exists and covers raw polygraph data. We therefore confine our opinion to analyzing Shah's argument that DOJ arbitrarily and capriciously asserted the law enforcement privilege. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (stating that "an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it" (citation and internal quotation marks omitted)).

2

In the official decision letter denying Shah's request, USA Bogden points to the specific materials he relied on in making his determination, including a consultation with the FBI and factors outlined in DOJ's *Touhy* regulations.[2] USA Bogden concluded that releasing the requested information was inappropriate because it would have strong negative implications for FBI's law enforcement practices and the materials are "privileged law enforcement records which cannot be disclosed without waiving the law enforcement privilege." We cannot say that DOJ's denial is arbitrary and capricious where it provided a plausible reason for its viewpoint based on agency expertise. *See Arizona ex rel. Darwin v. U.S. E.P.A.*, 815 F.3d 519, 530 (9th Cir. 2016) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); *see also Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1115 (9th Cir. 2007) (quoting 5 U.S.C. § 706(2)(A)).

Despite Shah's offer to review the materials confidentially, DOJ's concern regarding waiver of the law enforcement privilege is not unfounded given that our

---

[2] *Touhy* regulations are promulgated by DOJ pursuant to 5 U.S.C. § 301. Among other things, *Touhy* regulations set forth the procedures by which DOJ responds to discovery requests in litigation to which the United States is not a party. *In re Boeh*, 25 F.3d 761, 763–64 (9th Cir. 1994); *see also United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

court has held that voluntary disclosure in the context of some privileges can constitute waiver. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) (concluding that in the attorney-client privilege context "voluntarily disclosing privileged documents to third parties will generally destroy the privilege").[3]  In short, DOJ provided a "satisfactory explanation for its action including a rational connection between the facts found and the choice made." *J & G Sales Ltd. v. Truscott*, 473 F.3d 1043, 1051 (9th Cir. 2007) (quoting *Motor Vehicle Mfrs.*, 463 U.S. at 43).  Accordingly, DOJ's denial of Shah's request for the underlying polygraph data did not violate the APA.

II.  Expansion of the Record

A district court's decision regarding whether to supplement an administrative record is reviewed for abuse of discretion. *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1002 (9th Cir. 2004).  Here, the district court declined to expand the administrative record because it found Shah provided no evidence demonstrating DOJ's bad faith. *See Animal Def. Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988), *amended*, 867 F.2d 1244 (9th Cir.

---

[3] Shah has not argued here that the third-party disclosure doctrine does not apply or applies differently to the law enforcement privilege than to the attorney-client or other relational privileges.

4

1989) ("Courts may inquire outside the agency record when plaintiffs make a showing of agency bad faith."). We find there was no valid ground to expand the administrative record, and the district court did not abuse its discretion in denying Shah's request to expand the record. *See Midwater Trawlers*, 393 F.3d at 1002.

III.    *Brady* Challenge

Shah also argues that the district court erred by holding that DOJ was not required to release the polygraph materials under *Brady v. Maryland*, 373 U.S. 83 (1963), and Nevada state evidentiary rules. Even assuming that *Brady* applies in a civil context and that DOJ has *Brady* obligations in this case, the requested materials do not qualify as exculpatory materials that must be released to Shah. *See United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009). The materials would not be favorable or exculpatory to Shah because he failed the polygraph examination. *See id*. Moreover, because under Nevada state law the polygraph results cannot be admitted at trial without Shah's consent, they are not material to his case and not prejudicial. *See Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (en banc) ("Prejudice ensues if the evidence that is withheld is considered 'material.'"); *Jackson v. State*, 997 P.2d 121, 122 (Nev. 2000). Accordingly, DOJ's failure to release the materials did not constitute a *Brady* violation. Shah

5

did receive a report of the polygraph examination, which is all that is required under Nevada evidentiary rules. *See* Nev. Rev. Stat. § 174.235(1)(a)–(b).

We therefore conclude that DOJ did not violate the APA, the district court did not abuse its discretion in refusing to expand the administrative record, and the requested polygraph data were not *Brady* materials. We note that our conclusion should have no bearing whatsoever on the state court criminal proceedings.

**AFFIRMED.**