# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL J. HAASE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72571

FILED

OCT 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Michael J. Haase's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Haase argues that he received ineffective assistance from his trial and appellate counsel. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Haase first argues that trial counsel should have objected when the State asked the investigating detective how he came to doubt the victim's initial allegations because the question elicited false testimony. The detective testified that doubts expressed by the victim's mother and grandmother contributed to his own. A colloquy outside of the jury's presence established that the mother's and grandmother's doubts were related to Haase's passing a polygraph examination. As the polygraph results were not admissible absent a stipulation that the State declined to provide, *see Jackson v. State*, 116 Nev. 334, 335-36, 997 P.2d 121, 121-22 (2000), the parties stipulated to inform the jury that the victim was told that Haase had passed a polygraph examination as an interviewing technique to test the victim's account, but that there was no polygraph performed. Haase has not shown that the detective's response was false where the parties agreed not to discuss the matter that constituted the basis for the remainder of his doubt. Further, trial counsel testified that he wanted testimony that the mother and grandmother doubted the victim's account on the record as part of his trial strategy, and Haase has not shown extraordinary circumstances warranting a challenge to this strategic

decision. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have moved to admit the polygraph examination results, notwithstanding the parties' stipulation that followed counsel's initial unsuccessful motion to admit the results. This court previously determined that the district court did not err in excluding the polygraph results or permitting the parties' stipulation. *Haase v. State*, Docket No. 56210 (Order of Affirmance, April 28, 2011). Haase's argument that trial counsel should have argued that the State opened the door to admitting the polygraph results fails because the State did not introduce inadmissible evidence such that the polygraph evidence should have been admitted as a cure. *Cf. Taylor v. State*, 109 Nev. 849, 857, 858 P.2d 843, 848 (1993) (Shearing, J., concurring in part, dissenting in part) (discussing doctrine of curative admissibility). And Haase's argument that *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), supports admitting the polygraph results fails because the general scientific reliability of the polygraph was not at issue, and this court plainly set forth the standards for admitting such evidence in *Jackson*. Trial counsel was not ineffective in omitting futile arguments for admitting this evidence. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have objected when the state questioned the victim's grandmother about the victim's mother's parental rights, on grounds of hearsay, relevance, and leading questions.

The grandmother testified about the ongoing custody proceedings in which the grandmother believed that she would ultimately assume custody of the children and her personal belief that the mother was an unfit parent. Trial counsel testified that he made a strategic decision that this testimony helped the defense by showing that the family was a mess with numerous issues sowing doubt. Haase has not shown extraordinary circumstances warranting a challenge to this strategic decision. Further, Haase has not cogently articulated how excluding this testimony would have led to a reasonable probability of a different outcome. The district court therefore did not err in denying this claim.[2]

Haase next argues that trial counsel should have objected when the State referenced to several statements by the victim that were not produced at trial. The State, however, merely mentioned that it did not introduce the victim's statements to medical, law enforcement, and psychiatric professionals that were made later in the investigation, rather than the victim's earlier statements. The professionals, however, testified about the statements and were subject to cross-examination, and the State based its argument on the substance of their testimony rather than any matter outside of the record. *See Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989) (explaining that it is entirely proper for the prosecutor to argue the evidence presented to the jury). Haase has not shown that trial counsel deficiently omitted an objection or that he was prejudiced by its

---

[2]Haase also argues that trial counsel should have obtained a copy of the CPS file before trial. Haase did not raise this claim in his postconviction petition or its supplement, and this court will not consider claims for relief that were not raised below or considered by the district court. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004).

omission. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (holding that prosecutorial misconduct claims must first show prosecutor's improper conduct). The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have raised a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), as to the victim's journal. While the record shows that the victim maintained a journal, Haase has not shown that the State possessed the journal and withheld it or that its contents were material or favorable to him. As Haase has thus not shown a viable *Brady* claim, he has not shown that trial counsel deficiently omitted such a claim to his prejudice. *See Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000) (holding that *Brady* claim requires that the State withheld favorable, material evidence). The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should not have advised him to waive his preliminary hearing. Trial counsel testified that he recommended that Haase waive the preliminary hearing to preserve the possibility of a more favorable plea offer and to prevent the witnesses' testimony from being preserved. Haase has not shown extraordinary circumstances warranting a challenge to counsel's strategic advice, especially where Haase told the justice court that he consulted with counsel about his choice, understood his right to a preliminary hearing, and wished to waive that right. Haase has thus failed to show deficient performance. The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have presented a more robust opening statement. Trial counsel testified that he provided a brief opening statement as a strategy to avoid overpromising to the jury

while retaining flexibility to structure his closing argument to reflect the evidence as it developed during the trial. Haase's vague argument that the opening statement was too brief failed to show deficient performance, and Haase has further failed to argue prejudice. The district court therefore did not err in denying this claim.

Haase next argues that trial counsel failed to meaningfully question the prospective jurors. Haase fails to support this claim with cogent argument or supporting authority, and we decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Haase next argues that trial counsel should have cross-examined the State's witnesses more extensively and objected during direct examination more frequently. The district court found that counsel made tactical decisions whether to object and in cross-examining the victim, her sister, her mother, and her grandmother and that counsel's decisions furthered the defense theory of the case. The district court also found that counsel tactically decided not to object to the detective's testimony where it aided the defense and otherwise complied with prior stipulations. Decisions regarding if and when to object and what defenses to develop are tactical decisions that rest with counsel, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and counsel's tactical decisions are virtually unchallengeable. Haase has not shown that the district court's findings are not entitled to deference or that counsel's tactical decisions were not objectively reasonable. The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have objected to the State's failure to properly notice its experts. In light of several pieces of evidence that both parties received only shortly before trial and both parties' assertions that they were prepared for trial, the parties stipulated

SUPREME COURT
OF
NEVADA

(O) 1947A

6

to waive the expert-witness-notice requirements in order to preserve the trial date. Haase's argument that trial counsel should have objected to the expert testimony from the victim's therapist as improperly noticed fails because that objection had been foreclosed. Trial counsel was not ineffective in omitting a futile challenge. The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have objected to statements by the victim admitted through other witnesses pursuant to NRS 51.385 as hearsay and cumulative. Haase fails to identify specific statements beyond vaguely asserting that numerous witnesses recounted statements by the victim that prejudiced him in their cumulativeness. Particularly as Haase concedes that the trial court considered and admitted at least one of the statements pursuant to NRS 51.385 over a defense objection, Haase has failed to show that counsel performed deficiently or indicate how he was prejudiced by counsel's actions. The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have moved for a psychological examination of the victim. A motion for a psychological examination of the child-victim would have been futile, however, because her account was corroborated by the presence of Haase's DNA on the crotch of her leggings, where the biological sample had a concentration of epithelial cells consistent with saliva and the victim testified that the perpetrator had licked her. *See Abbott v. State*, 122 Nev. 715, 723, 138 P.3d 462, 468 (2006) (providing that a psychological examination of an alleged sexual assault victim will be authorized only where there is a compelling need, which considers whether "little or no corroboration of the offense exists beyond the

SUPREME COURT
OF
NEVADA

(O) 1947A

victim's testimony"). Trial counsel was not ineffective for omitting this futile request. The district court therefore did not err in denying this claim.

Haase next argues that trial counsel should have sought a hearing to permit him to question the victim about prior false allegations of sexual abuse by unrelated third parties. Even assuming that a motion pursuant to *Miller v. State*, 105 Nev. 497, 779 P.2d 87 (1989), would have succeeded, as other witnesses testified about the prior allegations, the jury was able to consider them. Particularly in light of trial counsel's express strategy of limiting his cross-examination of the eight-year-old victim to avoid engendering further sympathy for her from the jury, Haase has failed to show that trial counsel performed deficiently in eliciting this testimony from different sources or that Haase was prejudiced in this regard. The district court therefore did not err in denying this claim.

Haase next argues that appellate counsel should have raised all cognizable claims. Haase fails to identify any meritorious claims that appellate counsel failed to raise and thus has failed to show that appellate counsel was ineffective. *Cf. Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (stressing the importance that appellate counsel winnow out weaker arguments to focus on one central issue or a few key issues); *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989) (noting that "appellate counsel is most effective when she does not raise every conceivable issue on appeal"). The district court therefore did not err in denying this claim.

Haase finally argues that cumulative error warrants relief. Even if multiple instances of deficient performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Haase has failed to identify

Supreme Court
OF
Nevada

(O) 1947A

any instances of deficient performance to cumulate. The district court therefore did not err in denying this claim.

Having concluded that Haase's contentions do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Elissa F. Cadish, District Judge
     Karen A. Connolly, Ltd.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk